IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAWN DASCHER,            )<br>                          )<br>      Plaintiff,         )<br>                          )<br>   v.                     )<br>                          )<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION,           )<br>                          )<br>      Defendant.          ) | Civil No. 09-6129-JO<br><br>OPINION AND ORDER |

Brenda S. Moseley
320 Central Avenue, Suite 422
Coos Bay, OR  97420

  Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204

David J. Burdett
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue
Suite 2900, M/S 901
Seattle, WA  98104-7075

  Attorneys for Defendant

JONES, Judge:

Claimant Dawn Dascher seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI"). Defendant, in turn, has moved to remand this case for further administrative proceedings (# 24).

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Following a careful review of the record, the court concludes that the case must be remanded for further proceedings and therefore grants defendant's motion.

## ADMINISTRATIVE HISTORY

Claimant filed applications for DIB and SSI on June 6, 2000, alleging disability since September 28, 1998. The applications were denied initially, on reconsideration, and at the hearings level. The Appeals Council vacated the Administrative Law Judge's ("ALJ") decision on December 6, 2005, and remanded her case for a new hearing. The ALJ held a second hearing on December 15, 2006. Claimant, represented by counsel, appeared and testified, as did her ex-husband and an impartial vocational expert. On March 20, 2007, the ALJ issued a decision denying claimant's applications. The ALJ's decision became final on March 6, 2009, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must

weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## DISCUSSION

The Commissioner seeks remand to permit further proceedings to resolve several errors in the ALJ's consideration of the issues, specifically, to reconsider all medical evidence, particularly the testimony of lay witnesses, and to evaluate claimant's claim in light of the Commissioner's acceptance of claimant's later claim alleging a different onset date. Although the Commissioner represents in his Motion to Remand that "counsel for the parties made a good faith effort to resolve the dispute, and have been unable to do so," claimant has failed to file a response to the motion. Motion to Remand, p. 2. Consequently, I undertake my review without the benefit of her perspective.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. Ultimately, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

Based on my review and in light of claimant's silence, I find that further administrative proceedings are appropriate because the record does not require a finding of disability and

3 - OPINION AND ORDER

contains numerous unresolved issues. Thus, I conclude that remand for an immediate award of benefits is not appropriate.

Consequently, in the exercise of my discretion, I grant defendant's motion (# 24) and remand this action to the Commissioner. In light of the errors that require this remand, the Commissioner shall pay claimant's attorney fees accrued in connection with the current application.

## CONCLUSION

Defendant's motion to remand (# 24) is GRANTED. The decision of the Commissioner denying benefits is reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings as outlined in the Commissioner's Memorandum in Support of Motion (# 25).

DATED this 29th day of September, 2010.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge